# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

In the Matter of the Search of

**One 1986 Chevrolet Suburban,**
**California license plate 3ROH824**

APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT

CASE NUMBER '08 MJ 0954

FILED
MAR 28 AM 10:15
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: CP DEPUTY

I, Matthew W. Beals, being duly sworn, depose and say:

I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, ATF, and have reason to believe that on the property or premises known as:

**one 1986 Chevrolet Suburban, California license plate 3ROH824**

[as more fully described in ATTACHMENT A]

in the Southern District of California there is now concealed a certain person or property, namely:
SEE ATTACHMENT B

which is:
(1) property that constitutes evidence of the commission of a criminal offense; and
(2) property designed and intended for use or which is or has been used as a means of committing a criminal offense;

concerning a violation of Title 18, U.S.C., Section 930, and Title 26, U.S.C., Sections 5861 and 5871
The facts to support a finding of probable cause are as follows:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part thereof.
I specifically request that the judge review this warrant for vagueness and over breadth.

_____
Matthew W. Beals, Special Agent, ATF

Sworn to before me, and subscribed in my presence
March 28, 2008, at San Diego, California;

William McCurine, Jr., U.S. Magistrate Judge, _____
Signature of Judicial Officer

# ATTACHMENT A

## DESCRIPTIONS OF THINGS TO BE SEARCHED

**The Vehicle**

One 1986 Chevrolet Suburban, California license plate 3ROH824

**The Vehicle's Physical Description**

One gray/black 1986 Chevrolet Suburban, California license plate 3ROH824 which is parked next to the NCIS building at MCAS Miramar

# ATTACHMENT B
## DESCRIPTION OF EVIDENCE TO BE SEIZED

**FIREARMS**

Any and all firearms or ammunition located in the vehicle, as well as other items pertaining to the possession of firearms, which include parts, accessories and photographs of firearms or of persons in possession of firearms.

**RECORDS/DOCUMENTS**

Any and all books, records, documents or photographs that pertain to firearms, transactions for firearms, finances or establish the persons who have dominion and control over the property and vehicle searched.

**VEHICLES**

One 1986 Chevrolet Suburban, California license plate 3ROH824

And other instrumentalities and evidence of violations of Title 26, United States Code, Section 5861(d) as demonstrated in this attached affidavit.

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Matthew W. Beals, being duly sworn, depose and state that:

1. I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, and have been so employed for approximately six years.

2. I am currently assigned to the San Diego, California Field Office. I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy; as a result of my training and experience as an ATF Agent, I am familiar with federal and state criminal laws. My primary duties have been the enforcement of federal firearm, arson and explosive laws. I have participated in numerous investigations of possession of firearms by prohibited persons and the possession of illegal firearms. I have participated in investigations that involved interstate and international firearm trafficking. I have also participated in the searches of numerous residences and businesses involving federal and state firearm violations.

3. This affidavit is in support of a search warrant for a vehicle owned and operated by Brian MAYNARD, to wit: one 1986 Chevrolet Suburban, dark color (gray or black) California license plate 3ROH824, for firearms, firearm records and documents which evidence the sale, transfer or possession of firearms by MAYNARD. These firearms and records are evidence of violations of Title 18 U.S.C. § 930 – possession of firearms and dangerous weapons in federal facility and Title 26 U.S.C. § 5861(d) – possession of firearms not registered in the National Firearms Registration and Transfer Record.

4. On March 27, 2008, at approximately 3:51 PM, while located at Marine Corps Air Station (MCAS) Miramar, United States Marine Corps (USMC) Captain Benjamin Herther reported hearing gun fire at the east end of MCAS Miramar. Captain Herther contacted MAYNARD and questioned him as to whether or not he was responsible for the gun fire. MAYNARD confessed to Captain Herther that he was in fact responsible for the gun fire. Captain Herther allowed MAYNARD to depart the area in his 1986 Chevrolet Suburban, California license plate 3ROH824 ; however, he reported the gun fire to base police.

5. On the same date as above, at approximately 4:01 PM, Military Police (MP) Staff Sergeant (SSGT) Israel Sanchez and Sergeant (SGT) Apollo Frisk initiated a vehicle stop of MAYNARD's vehicle. MAYNARD was driving the vehicle and was subsequently questioned. MAYNARD told the MPs that he had numerous firearms in the back of his Suburban and one revolver on the front seat. The MPs recovered one North American Arms, five-shot, revolver. The MPs notified Naval Criminal Investigative Service (NCIS), who subsequently notified ATF.

6. On the same date as above, ATF Special Agent (SA) Matthew Beals and NCIS SA Mark Pendell conducted an interview of MAYNARD. SA Beals provided MAYNARD with ATF Form 3200.4 – Advice of Rights and Waiver. MAYNARD signed said form and agreed to answer SA Beals' questions. MAYNARD stated that he possessed numerous Title II firearms in the back of his Suburban; he claimed that they were properly registered. However, MAYNARD confessed that he also possessed one unregistered Heckler and Kock, model MP5, machinegun and two unregistered suppressors in the same vehicle. SA Beals asked for consent to search MAYNARD's vehicle, but he declined.

7. The vehicle was towed to a secure storage site adjacent to the NCIS Office at MCAS Miramar. ATF Resident Agent in Charge (RAC) Shawn Hoben maintained surveillance on the vehicle from approximately 9:00 PM until 2:00 AM on March 28, 2008. SA Brad Galvan maintained surveillance on the vehicle from approximately 2:00 AM until 6:00 AM. SA Richard Verducci maintained surveillance on the vehicle from approximately 6:00 AM until 8:00 AM when MP took over.

8. Based on my training and experience, consultation with other agents from ATF, and all of the facts and opinions set forth in this affidavit, I know:

> a. It is common for individuals who illegally acquire, possess and sell firearms to keep firearms and documents related to the acquisition and disposition of firearms at their residence, businesses, and in their vehicles for an indefinite period of time;
>
> b. It is common for individuals who possess firearms (whether lawfully or unlawfully) to possess items relating to those firearms, which includes ammunition, accessories, parts, photographs of firearms and receipts for the purchase of those items in their residences, businesses, and vehicles;
>
> c. It is also common for individuals involved in the illegal possession of firearms to store those items at places other than their residences, such as storage units or outbuildings. However, they often maintain receipts or other documentation related to those storage locations in their residences, businesses, and vehicles.

18. Consequently, based on my training, experience, and the above-mentioned facts, I believe there is probable cause to believe that MAYNARD possesses at least three firearms that are not registered to him in The National Firearms Registration and Transfer Record and documents related to the possession, acquisition and disposition of firearms in his vehicle.

19. Additionally, based upon prior searches of premises used by individuals involved in the illegal possession of firearms, I have probable cause to believe that I will find articles of personal property and documents evidencing the identity of persons occupying, possessing, residing in, owning, frequenting, or controlling the vehicle. I also know that persons who possess firearms (whether lawfully or unlawfully) usually keep them for their personal use. Furthermore, individuals involved in the illegal possession, whether registered or unregistered, do so in large part because they do not want to be identified by law enforcement. Therefore, these individuals go through surreptitious means to acquire, maintain, and transfer or sell firearms without complying with state and federal laws. By doing this, these individuals attempt to thwart efforts to trace firearms, making it difficult for law enforcement to identify the last known purchaser of a firearm recovered from a crime scene.

21. Therefore, based on my training, experience, and the above facts, which I believe to be true, I have probable cause to believe that the above described property or a portion thereof will be in the described vehicle when the warrant is served and that such items would constitute evidence of possession of firearms not registered in the National Firearms Registration and Transfer Record. With the above information, I formally request the issuance of a search warrant for the aforementioned vehicle.

Further affiant sayeth not.

I declare under penalty and perjury that the foregoing is true and correct to the best of my knowledge.

_____
MATTHEW W. BEALS
Special Agent,
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me and subscribed in my presence, in San Diego, California, on March 28, 2008.

_____
William McCurine, Jr.
United States Magistrate Judge